UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK W. DOBRONSKI,** | **2:24-CV-12379-TGB-APP** |
| Plaintiff, | |
| vs. | HON. TERRENCE G. BERG |
| **JULIASANGEL MARKETING, LLC, d/b/a 1800travelstogo.com et al.,** | **OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION (ECF NO. 48)** |
| Defendants. | |

Plaintiff Mark R. Dobronski ("Plaintiff") brings this case against Ascendant Holidays, LLC, Holidays Lounge, LLC, Holidays Network Group, LLC, Booking.com (USA) Inc., Juliasangel Marketing LLC (d/b/a 1800travelstogo.com), Jorge Manuel Bravo Cruz, and Jose Luis Echevarria (collectively, "Defendants") for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. §§ 445.111–445.117, the Florida Telemarketing Sales Act ("FTSA"), Fla. Stat. § 501.059, and the Michigan Consumer Protection Act ("MCPA"), M.C.L. §§ 445.901–922. Defendants Juliasangel Marketing LLC and Echevarria (together, "moving Defendants"), have filed a Motion to Dismiss Plaintiff's Complaint. Motion to Dismiss, ECF No. 31. The Honorable Magistrate Judge Anthony P. Patti issued a Report and Recommendation,

recommending that Defendants' Motion to Dismiss should be granted. Report and Recommendation, ECF No. 48. Plaintiff has timely filed Objections to the Report and Recommendation. Objections to Report and Recommendation, ECF No. 49. Upon thorough review of Judge Patti's well-researched Report and Recommendation, the pleadings, and the case law, the Court will **GRANT** Defendants' Motion to Dismiss and **ADOPT IN PART** and **DECLINE TO ADOPT IN PART** the Report and Recommendation.

## I. BACKGROUND

### A.   Factual Background

We recount the allegations relevant to moving Defendants' Motion to Dismiss below.

Defendant Juliasangel Marketing LLC is a limited liability company that "does business under the fictitious business name 1800TRAVELSTOGO.COM." ECF No. 1, PageID.3. Defendant Echevarria is an individual who "personally authorized the conduct of Angels" — presumably referring to Juliasangel Marketing LLC — "had direct knowledge of the conduct, and could have directed the tortious and criminal acts to cease at any time but took no action to curtail same." *Id.* at PageID.16.

"Defendants Ascendant, Lounge, Holidays, Angels, Bravo, and Echevarria are engaged in the business of, *inter alia,* time share and vacation club sales to consumers across the United States." *Id.* at

PageID.15. Plaintiff alleges that "[a]s part of their marketing programs, Defendants Ascendant, Lounge, Network and Angels utilize telemarketing to identify and solicit consumers as prospective customers." *Id.* at PageID.16. Specifically, "Defendants, either directly, or through third-party telemarketers, initiate telephone calls *en masse* using automated telephone dialing systems, which have the capacity to store or produce telephone numbers to be called using a random or sequential number generator to dial such numbers, to solicit consumers." *Id.*

Plaintiff's telephone number "is listed on the National Do Not Call Registry maintained by the United States Federal Trade Commission pursuant to 16 C.F.R. Part 310 and has been so listed continuously since at least December 9, 2004 and at all times subsequent thereto and relevant hereto." *Id.* at PageID.10. "Plaintiff uses his cellular telephone primarily for personal, family, and household communications, and not for business purposes." *Id.*

Plaintiff alleges that he received eleven phone calls using automatic dialing systems without his prior express consent. PageID.15–31. Only the eleventh ("Call 11") appears connected to moving Defendants.

Regarding Call 11, Plaintiff alleges that on August 17, 2024 "Defendants or Defendants' agent initiated a telephone solicitation call to Plaintiff's cellular telephone." *Id.* at PageID.28. The caller identified herself as "calling on behalf of Booking Dot Com." *Id.* at PageID.29. After

an introductory conversation, Ellen, a "senior manager," "scheduled an appointment for Plaintiff to come to Defendants' office on August 18, 2024 at 1:15 P.M." *Id.* Ellen provided Plaintiff with "the office address … 9650 Universal Boulevard, Suite 120, Experian Center, Orlando, Florida 32819." *Id.* Ellen asked Plaintiff for his email address, and he provided "a controlled email address." *Id.*

When asked about the "name on the business, Ellen responded 'we are known as Ascendant Holiday." *Id.* Plaintiff inquired why the initial caller "identified as 'Booking Dot Com.' Ellen explained that 'Booking Dot Com is one of the sponsors' and 'Ascendant Holidays is just cooperating with the sponsors.'" *Id.*

Plaintiff asked the caller "why Plaintiff is receiving calls when Plaintiff's telephone number is on the National Do Not Call Registry." *Id.* at PageID.30. The caller responded that they use an automatic telephone dialing system to dial "hundreds of telephone numbers" that are on their lists. *Id.*

Before the call ended, Plaintiff received an email from "'Travel Incentives' confirming the appointment on August 18, 2024 at 1:15 P.M. The email contained an attachment which contains the logo 'HolidaysLounge' in the upper left hand corner, the address of the 'welcome center' at 9650 Universal Boulevard, Suite 120, Orlando, FL', and instructions that 'If there are any concerns or changes that need to

be make … please contact us at 1800Travelstogo, Inc: [REDACTED]." *Id.* at PageID.30–31.

Subsequently, Plaintiff called the number listed for 1800Travelstogo, Inc., and spoke to a man who reported that he "handle[d] calls for several groups." *Id.* at PageID.31.

On August 11, 2024, Plaintiff brought suit against Defendants. Specifically, Plaintiff brought six counts alleging various violations of the TCPA, *see id.* at PageID.31–34, one count alleging a violation of the MHSSA, *see id.* at PageID.34, one count alleging a violation of the FTSA, *see id.* at PageID.35, and one count alleging a violation of the MCPA, *see id.* at PageID.36.

### B.   Procedural Background

On October 25, 2024, two of the Defendants, Juliasangel Marketing LLC ("Juliasangel") and Jose Luis Echevarria ("Echevarria"), filed a Motion to Dismiss Plaintiff's complaint. *See* ECF No. 31. Defendants Juliasangel and Echevarria argue that Plaintiff's complaint should be dismissed against them for two main reasons: because Plaintiff does not allege that moving Defendants physically placed any calls to Plaintiff; and because Plaintiff does not allege facts demonstrating an agency relationship between Juliasangel and Echevarria and those who made the calls to Plaintiff; *Id.* at PageID.180–181. Defendants Juliasangel and Echevarria argue that "this fact *alone is fatal to any* TCPA claim and warrants dismissal." *Id.* at PageID.177.

Moving Defendants also argue that beyond this overarching flaw in Plaintiff's complaint, "Plaintiff also fails to plead specific, non-conclusory facts supporting the other essential elements of his TCPA claims." *Id.* Specifically, Juliasangel and Echevarria argue that (1) "as to Count I, Plaintiff fails to allege sufficient facts supporting an inference that an 'automatic telephone dialing system' (or 'ATDS') was used in violation of Section 227(b) of the TCPA" or that "his phone number was generated and called using a 'random or sequential number generator,'" *id.* at PageID.177–178; (2) as to Counts II–IV, Plaintiff fails to allege facts showing that his numbers are used for residential purposes," *id.* at PageID.182; (3) as to Count IV, there is "no private right of action for alleged violations of Section 64.1601(e)," *id.* at PageID.183 (formatting changed from original); and (4) as to Count VII, Plaintiff has not alleged "that his numbers are used for residential purposes," *id.*

On October 25, 2024, Plaintiff filed a Response to moving Defendants' motion. *See* Response, ECF No. 40. In his Response, Plaintiff raises two procedural grounds on which Defendants' motion should be denied. First, Plaintiff argues that although moving Defendants have certified that their motion complies with Local Rule 7.1(a), this certification is false. In support, Plaintiff submits an affidavit recounting his version of the contested events. *Id.* at PageID.277–280. Second, Plaintiff argues that moving Defendants failed to serve their motion upon Plaintiff. *Id.* at PageID.280–284.

6

Moving Defendants filed a Reply on December 1, 2024. Reply, ECF No. 42.

On July 15, 2025, Judge Patti filed a Report and Recommendation, recommending that the Court grant moving Defendants' Motion to Dismiss. Report and Recommendation, ECF No. 48.

Plaintiff filed Objections to Judge Patti's Report and Recommendation on July 28, 2025, Objections, ECF No. 49, and Defendants filed a Response on August 2, 2025, Response to Plaintiff's Objections, ECF No. 50.

## II. STANDARD

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

"The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452 (N.D. Ohio 2012) (*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an

7

objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) And the filing of vague, general, or conclusory objections is insufficient to preserve issues for further review. *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001).

This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... or receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," the Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true," *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), and determine whether it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Ready v. Ford Motor Co.*, 1988 WL 41153, at *4 (6th Cir. 1988). Though this standard is liberal, it requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to support their grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (*quoting Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Additionally, a court "need not accept as true any 'conclusory legal allegations that do not include specific facts necessary to establish the cause of action.'" *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (citation omitted).

## III. DISCUSSION

Plaintiff raises five specific objections to Judge Patti's Report and Recommendation. *See* ECF No. 49. We address each objection in turn.

### A. Objection Relating to Moving Defendants' Purported Failure to Abide by Local Rule 7.1(a)

Local Rule 7.1(a) for the Eastern District of Michigan requires that before filing a motion, "the movant must confer with the other parties … in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter." E.D. Mich. L.R. 7.1(a). Moreover, if concurrence is not obtained, the motion must state that "there was a conference between attorneys or unrepresented parties … in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." E.D. Mich. L.R. 7.1(a)(2)(A).

Of course, while "[s]eeking concurrence from the opponent is a mandatory directive of the Local Rules of this District," *United States v.*

*Ramesh*, No. 02-80756, 2009 WL 817549, at \*6 (E.D. Mich. Mar. 26, 2009) (Cook, J.), a court has "discretion to overlook errors in 'its own local rules.'" *Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th Cir. 2011) (*quoting Valassis Commc'ns, Inc. v. Aetna Cas. & Sur. Co.*, 97 F.3d 870, 873 (6th Cir.1996)).

In their Motion to Dismiss, moving Defendants certified that "Pursuant to Local Rule 7.1(a), the undersigned certifies that counsel for Defendants office … spoke to Plaintiff by telephone on 10-23-2024 and explained the nature of this motion and its legal bases, at which time Plaintiff verbally indicated his intent to oppose this motion." ECF No. 31, at PageID.169.

Plaintiff, in his Response to moving Defendants' Motion to Dismiss, argued that the Motion should be denied for failure to comply with Local Rule 7.1(a). ECF No. 40, PageID.277–80. Specifically, Plaintiff alleged that on October 23, 2024, he was called by Perry Bibi, who had, "given the impression to Plaintiff that she was an attorney." *Id.* at PageID.278.

> During [that] telephone conversation, Bibi began by stating that "we wanted to let you know that we have a motion for 12(b)(6) – legally we don't have to tell you …" and then began discussing financial terms of a possible settlement of the matter. At no time did Bibi explain any of the legal bases for the motion … even after Plaintiff explained to Bibi that the Court's local rules mandate a movant to confer with the opposing party before filing a motion, explaining the bases for the motion, and seek concurrence.

*Id.* (internal citations removed). Then, "[b]efore the end of the conversation, and in response to a question posed by Plaintiff to Bibi, Bibi revealed that she is NOT an attorney." *Id.* In support, Plaintiff submitted his own declaration. *See id.* at PageID.295–297. Accordingly, Plaintiff argued, moving Defendants' certification that "counsel … explained the nature of this matter and its legal bases" was false. *Id.* at PageID.279 (emphasis omitted). Thus, Plaintiff argued, moving Defendants' Motion to Dismiss should be denied. *Id.* at PageID.280.

Judge Patti warned moving Defendants "that Local Rule 7.1(a)(2)(A) requires 'a conference *between attorneys* or unrepresented parties and other persons entitled to be heard on the motion.'" ECF No. 48, PageID.331. Judge Patti also directed counsel to "find out if non-lawyers are holding themselves out as 'partners' at Advanta Law Firm, P.L.C., which, if true, raises serious ethical implications that must be internally addressed immediately by the partners therein." *Id.*

However, Judge Patti did not recommend dismissal of the Motion to Dismiss. *See id.* at PageID.330. Judge Patti stated that

> whatever doubts exist about the robustness of counsel's or his office's efforts at concurrence, the Court seriously doubts that the October 23, 2024 conversation – whether by counsel or a non-attorney staff member of his firm – left Plaintiff unaware that the basis of the forthcoming motion, because Plaintiff admits that Ms. Bibi mentioned Fed. R. Civ. P. 12(b)(6), and, at this stage of his voluminous litigation experience, Plaintiff knows or should know this was a reference to a motion asserting that Plaintiff has "fail[ed] to state a claim upon

11

which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6), even if it occurred along with discussion of "financial terms of a possible settlement . . . ."

*Id.* (citation removed, alterations and ellipses in original).

Plaintiff objects to Judge Patti's recommendation. *See* ECF No. 49, at PageID.359–361. In support, Plaintiff raises several arguments.

First, Plaintiff argues that Local Rule 7.1(a)

requires more from a movant than merely announcing that one intends to file a 12(b)(6) motion. LR 7.1(a) requires that a moving party conduct a meaningful and timely conference with other parties to explain *the nature of the relief sought* and the *grounds for the motion*, to *seek concurrence*, and *to narrow the issues. See* Commentary to E.D. Mich. LR 7.1(a).

*Id.* at PageID.359.

Second, Plaintiff argues that "the Defendants' failure to address Plaintiff's opposition argument in their reply brief serves as a waiver of any opposition to it." *Id.* at PageID.360.

Third, Plaintiff argues that "by not enforcing the rule, the message is being clearly sent to others that E.D. Mich. LR 7.1(a) is optional, and simply will encourage others to ignore the rule because they can count on it not being enforced." *Id.* at PageID.361.

Lastly, "by not enforcing the rule in the instant case, the Court would be rewarding Defendants' counsel for making a misrepresentation to this Court, as well as would be tacitly condoning the unauthorized practice of law." *Id.*

While the Court agrees with Plaintiff that the rule requiring attorneys to seek concurrence before filing motions is important, its enforcement through the remedy of denying Defendants' motion in full and without considering either the particular circumstances of the violation or the degree of prejudice it caused, is not appropriate here.

"Local rules … are designed as internal housekeeping rules to promote the efficient operation of the district courts; they are not meant to confer rights on litigants." *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984); *accord Valassis Commc'ns, Inc.*, 97 F.3d at 873. Absent evidence that a violation of a local rule led the prejudice, the Sixth Circuit found "no reason to reverse" a district court's decision to "decline[] to enforce a local rule." *Hoogerheide*, 637 F.3d at 639.

Here, although the Court shares Judge Patti's concern with the allegations contained in Plaintiff's brief and moving Defendants' failure to address them, the Court does not find that moving Defendants' failure to abide by the local rules prejudiced Plaintiff in any significant way. Additionally, the Court finds that the efficient operation of this Court would not be promoted by denying moving Defendants' Motion to Dismiss for (purportedly) failing to abide by Local Rule 7.1(a). Accordingly, the Court in this circumstance declines to enforce Local Rule 7.1(a) through the remedy of denying the motion.

This approach is in line with the way other courts have addressed similar circumstances. *See*, *e.g.*, *Young v. Chieftain Coating, LLC*, No. 20-

CV-10520, 2022 WL 3020134, at *3 (E.D. Mich. July 29, 2022) (Hood, J.) (In the context of a failure to abide by Local Rule 7.1(a), court found that "since Defendants had the opportunity to address the motion, the Court declines to strike Plaintiffs' motion"); *Tuttle v. Land*, No. 10-11221, 2010 WL 2232210, at *4 (E.D. Mich. May 27, 2010) (Cleland, J.) (declining to enforce Local Rule 7.1(a)).

Therefore, the Court **ADOPTS** this portion of Judge Patti's Report and Recommendation and **OVERRULES** Plaintiff's first objection.

## B. Objection Relating to Moving Defendants' Purported Failure to Properly Serve Plaintiff

Rule 9(e) of the Eastern District of Michigan's Electronic Filing Policies and Procedures state that "[a] party who is *pro se* and not a filing user, or a party excused from electronic filing under Fed. R. Civ. P. 5(d)(3)(A), is entitled to a hard copy of any paper filed electronically." E.D. Mich. Electronic Filing Policies and Procedures, Rule 9(e).

Plaintiff, in his Response to moving Defendants' Motion to Dismiss, argued that the Motion should be denied for failure to properly serve him. *See* ECF No. 40, PageID.280–84. Specifically, Plaintiff argues that although he is a *pro se* litigant who has not "consented in writing to receiving filings via other electronic means" and is thus "entitled to service of a hard copy of all papers," there is no evidence that "a copy of the Motion was mailed to Plaintiff." *Id.* at PageID.280. Plaintiff explains that he "learned of the filing of the Motion by happenstance when

Plaintiff made a periodic review of the Court's PACER index, at which time Plaintiff downloaded (thus incurring out-of-pocket expense) a copy of the Motion at Plaintiff's expense." *Id.* at PageID.281.

Judge Patti, while acknowledging that "Plaintiff's representations, if true, are troubling," rejected Plaintiff's argument. ECF No. 48 at PageID.334. Specifically, Judge Patti considered that Plaintiff received notice "within two weeks of its filing, because the Court's November 4, 2024 order – which was served upon Plaintiff at his address of record – gave Plaintiff until November 25, 2024 by which to file a response." *Id.* Thus, Judge Patti reasoned, "Plaintiff would have been alerted to the existence of the Movants' motion on or about November 7, 2024 and could have immediately filed an objection to lack of service, so as to potentially cure any oversite in service that may have occurred." *Id.*

Additionally, Judge Patti noted that Plaintiff was "*in fact* fully informed and was clearly not prejudiced, as he submitted a full response on the merits." *Id.* at PageID.335. Judge Patti also noted that the cost for accessing the relevant motion on PACER was "[a]t most … three bucks." *Id.*

Plaintiff objects to Judge Patti's recommendation. ECF No. 49, PageID.361–63. Specifically, Plaintiff argues that

> Had it not been for Plaintiff's proactive diligence in monitoring the Court's online docket, Plaintiff would have fallen victim to the long-discredited practice of 'sewer service', by failing to respond to the Motion. Once again, by not

> enforcing the rule in the instant case, the Court would be rewarding Defendants' counsel for making a misrepresentation to this Court and encouraging similar misconduct in the future

ECF No. 49, PageID.362–63.

While the Court shares Judge Patti's concern that "Plaintiff's representations, if true, are troubling," ECF No. 48 at PageID.334, the Court rejects Plaintiff's arguments. The record does not indicate that Plaintiff has suffered any prejudice from moving Defendants' failure to mail the Motion to Dismiss to Plaintiff: Plaintiff admits that he "learned of the filing of the Motion," on his own accord, ECF No. 40, PageID.281, received additional notice "within two weeks of its filing" by the "Court's November 4, 2024 order – which was served upon Plaintiff at his address of record," ECF No. 48 at PageID.334, and filed a timely Response. At worst, Plaintiff has incurred $3.00 in out-of-pocket expenses.

Under these circumstances, Court finds that the efficient operation of this Court would not be promoted by denying moving Defendants' Motion to Dismiss by (purportedly) failing to properly serve Plaintiff. Accordingly, the Court declines to enforce Rule 9(e) of the Eastern District of Michigan's Electronic Filing Policies and Procedures.

Nor does the case law relied upon by Plaintiff require a different outcome. None of Plaintiff's cited authorities address a circumstance in which non-movant received notice of the motion and filed a timely response. For instance, in *Griffin v. Kyle*, No. 10-664, 2011 WL 2885007,

(S.D. Ohio July 15, 2011), *adopted*, No. 10-664, 2011 WL 3667401 (S.D. Ohio Aug. 22, 2011), plaintiff did "not respond[] to the motion for summary judgment filed by Officer Kyle, perhaps because it was not served on him." *Id.* at *2. Similarly, in *Pullins v. Eldridge*, No. 20-01311, 2021 WL 3860298 (S.D. Ind. Aug. 27, 2021), plaintiff did not respond to the motions before the court because he had not been served. *Id.* at *1.

Therefore, the Court **ADOPTS** this portion of Judge Patti's Report and Recommendation and **OVERRULES** Plaintiff's second objection.

### C. Objection Relating to Judge Patti's Recommendation that the Complaint Fails to State TCPA Claims against Moving Defendants

#### *1. The Report and Recommendation and Plaintiff's Objection*

In his Report and Recommendation, Judge Patti gave multiple independent reasons as to why the Complaint fails to state TCPA claims against Juliasangel and Echevarria. *See* ECF No. 48, PageID.336–52. Specifically, Judge Patti reasoned that (1) the Complaint does not plausibly allege the direct liability of Defendants, *see id.* at PageID.337; (2) the Complaint does not plausibly allege an agency relationship between the caller and the moving Defendants, *see id.* at PageID.338; (3) the broad factual allegations in the section of the Complaint titled "'the concert of action' do not provide [moving Defendants] with sufficient notice about the specific claims they will be required to defend or how they are alleged to have injured this particular plaintiff," *id.* at

PageID.339–40; (4) of the eleven calls detailed in the Complaint, Defendant Juliasangel Marketing LLC is only mentioned in "Call 11," *id.* at PageID.340–44; and (5) all "causes of actions are improperly group pleaded," *id.* at PageID.344–47. Accordingly, Judge Patti concluded that, as to each of the five TCPA causes of action, Plaintiff has failed to plead sufficient facts showing that Defendant Juliasangel Marketing LLC violated the relevant provisions of the TCPA. *See id.* at PageID.347–52.

Plaintiff objects to all of Judge Pattis' reasons set out in the Report and Recommendation regarding the failure to make out a plausible claim under the TCPA. several ways ECF No. 49, PageID.363 (citations omitted).

Plaintiff argues that moving Defendants "are expressly mentioned in the Complaint as participating in the concert of action at paragraphs 63, 67, and 68" and are "expressly mentioned in the Complaint relative to Call 11 at paragraphs 139 and 143." *Id.* Further, Plaintiff argues that the Complaint "bring[s] all counts against all co-defendants. Grouping the defendants together in this manner is acceptable if there are sufficient facts alleged so that each defendant has notice of what plaintiff believes their role was in the described violations." *Id.* at PageID.364–65.

As to Call 11, Plaintiff recounts that the Complaint alleges that "Plaintiff was sent an email which identified Defendant 1800TravelstoGo.com as the contact and provided a telephone number." *Id.* at PageID.365. Thus, "[w]hile the totality of 1800TravelstoGo.com's

involvement in the overall concert of action is unclear at this time, what is clear is that 1800TravelstoGo.com is involved in the scheme." *Id.* Specifically, Plaintiff argues that the Complaint sufficiently alleges the existence of a conspiracy. *Id.* at PageID.365–66. Accordingly, "for now, Plaintiff has met the threshold of sufficient factual matter to render the legal claim plausible that Defendants participated in the overall concert of action." *Id.* at PageID.367.

After carefully reviewing the factual allegations in the Complaint, the Court disagrees. The Complaint's non-conclusory allegations do not sufficiently plead a claim against Juliasangel and Echevarria under the TCPA, even when all reasonable inferences are drawn in the Plaintiff's favor. *See Iqbal*, 556 U.S. at 678.

### 2. *The Complaint's Allegations Against Moving Defendants*

As Plaintiff recognizes, moving Defendants are mentioned in only two sections of the Complaint: the section titled "The Concert of Action," *see* ECF No. 1, PageID.15–18, and the section titled "Call 11," *see id.* at PageID.28–31.

In the section of the Complaint called "The Concert of Action," Plaintiff alleges that together with the other nonmoving Defendants, Defendant Juliasangel Marketing LLC, is "engaged in the business of, *inter alia,* time share and vacation club sales to consumers across the United States … utilize[s] telemarketing to identify and solicit consumers as prospective customers, … [and] initiate[s] telephone calls

*en masse* using automated telephone dialing systems." *Id.* at PageID.15–16. These generalized and conclusory allegations fail to state what exactly Juliasangel did; without more specific facts, the allegations do not meet even the low threshold necessary to survive a motion to dismiss. *See Albrecht*, 617 F.3d at 893.

In "Call 11," Plaintiff alleges that he was called by a woman identifying herself as "calling on behalf of Booking Dot Com." ECF No. 1, PageID.28. Later, the caller's supervisor gave "Ascendant Holiday" as the "name on the business." *Id.* at PageID.29.

Additionally, before the call ended, Plaintiff received an email from "'Travel Incentives' confirming the appointment on August 18, 2024 at 1:15 P.M. The email contained an attachment which contains the logo 'HolidaysLounge' in the upper left hand corner, the address of the 'welcome center' …, and instructions that 'If there are any concerns or changes that need to be make … please contact us at 1800Travelstogo, Inc: [REDACTED]." *Id.* at PageID.30–31.

Subsequently, Plaintiff called the number listed for 1800Travelstogo, Inc., and spoke to a man who reported that he "handle[d] calls for several groups." *Id.* at PageID.31. "Plaintiff stated that he wanted to be placed upon their do-not-call list. The male was uncooperative and hung up on Plaintiff." *Id.*

Next, the Court turns to whether these factual allegations plead direct or vicarious liability under the TCPA.

### 3. *Direct Liability*

Only two subsections of the TCPA contain private rights of action: 47 U.S.C. § 227(b)(3) and (c)(5). 47 U.S.C. § 227; *see Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373, 375 (E.D. Mich. 2025) (Murphy, J.); *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011) (referring to "the two private-right-of-action provisions"). Accordingly, Plaintiff's TCPA claims, even though they allege violations of TCPA's implementing regulations, must fall under one of these subsections. *See Selectquote Ins. Servs.*, 773 F. Supp. 3d at 375–80.

To state a claim for direct liability under § 227(b), a plaintiff must establish that: (1) the defendant made a call, (2) using any automatic dialing system and/or leaving an artificial or prerecorded message, and (3) without prior consent of the recipient. 47 U.S.C. § 227(b)(1)(A); *see Pugliese v. Pro. Recovery Serv., Inc.*, No. 09-12262, 2010 WL 2632562, at *7 (E.D. Mich. June 29, 2010) (Edmunds, J.).

To state a claim for direct liability under § 227(c), a plaintiff must establish that: (1) they have "received more than one telephone call within any 12-month period," (2) "by or on behalf of the same entity," (3) in violation of the regulations prescribed under" § 227(c), and (4) on a residential phone registered on the do not call registry. 47 U.S.C. § 227(c)(5); *see Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 132 (D. Conn. 2016) (finding that only the company that physically placed

a telephone call can be directly liable under § 227(c)), *aff'd*, 686 F. App'x 48 (2d Cir. 2017).

Thus, to state a claim of direct liability under either § 227(b) or (c), a plaintiff must allege that defendant placed a call. Here, Plaintiff has not alleged any fact that "allows the court to draw the reasonable inference that," *Iqbal*, 556 U.S. at 678 (citation omitted), Juliasangel or Echevarria made a call to Plaintiff — the sole non-conclusory mention of actions purportedly taken by them are during a phone call *initiated by Plaintiff*. *See* ECF No. 1, PageID.31. Thus, Plaintiff does not plausibly state a claim for direct liability under either § 227(b) or (c). *See Bank v. Vivint Solar, Inc.*, No. 18-2555, 2019 WL 2280731, at *2–3 (E.D.N.Y. Feb. 25, 2019) (finding no direct liability for making prerecorded call under § 227(b) when complaint alleged that a prerecorded phone call called plaintiff, promised that someone would call back within 30 minutes, and defendant called plaintiff back within 30 minutes), *adopted*, No. 18-2555, 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019); *Simmons*, 222 F. Supp. 3d at 132.

### 4. Vicarious Liability

Of course, "[d]irect liability … is not the sole basis for recovery of damages under the TCPA." *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 371 (6th Cir. 2015). Moving Defendants may also be found liable to Plaintiff "under common-law theories of actual authority, apparent authority, or ratification." *Id.*

"An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) of Agency § 2.01 (2006). Here, the complaint contains no allegations that could support the conclusion that moving Defendants conferred actual authority upon Booking Dot Com or Ascendant Holiday. "[A]ctual authority is concerned with the actions of the principal." *Jonna v. GIBF GP, Inc.*, 617 F. Supp. 3d 789, 802 (E.D. Mich. 2022) (Michelson, J.). Here, the only action that could plausibly be inferred to have been performed by moving Defendants are those of the individual who picked up the phone when Plaintiff called moving Defendants' purported phone number. Statements by the individual who picked up — stating that he "handle[d] calls for several groups," ECF No. 1, PageID.31 — do not "allow[] the court to draw the reasonable inference that the," *Iqbal*, 556 U.S. at 678 (citation omitted), moving Defendants had conferred actual authority upon Booking Dot Com or Ascendant Holiday to perform telemarketing calls.

"Apparent authority is the power held by an agent ... when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (2006). "Like actual authority, apparent authority focuses on the principal's manifestations." *Jonna*, 617

23

F. Supp. 3d at 803. In other words, "the apparent power of an agent is to be determined by the act *of the principal and not by the acts of the agent*." *Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 663 (6th Cir. 2005); *accord Keating*, 615 F. App'x at 374; *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020) ("Statements by an agent are insufficient to create apparent authority."). Here, statements by the individual who picked up Plaintiff's phone call — stating that he "handle[d] calls for several groups," ECF No. 1, PageID.31 — do not "allow[] the court to draw the reasonable inference that," *Iqbal*, 556 U.S. at 678 (citation omitted), Plaintiff could reasonably have believed that Booking Dot Com or Ascendant Holiday possessed apparent authority from moving Defendants to perform telemarketing calls — because statements by agents are insufficient to create apparent authority. *See Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 216 (S.D.N.Y. 2024) ("Plaintiff alleges neither conduct or words by Defendant that could be understood as vesting the telemarketers with authority, nor how such authority contributed to the alleged TCPA violations.").

Plaintiff's arguments to the contrary do not change this outcome. Plaintiff argues that "[a]s a result of Call 11, Plaintiff was sent an email which identified Defendant 1800TravelstoGo.com [the d/b/a of Juliasmarketing] as the contact and provided a telephone number." ECF No. 49, PageID.365. However, actions by the agent are insufficient to create actual or apparent authority. *See Jonna*, 617 F. Supp. 3d at 802.

Next, Plaintiff argues that it "is clear … that 1800TravelstoGo.com is involved in the scheme. In the R&R, the Magistrate Judge admits that the allegations '*could suggest an inference of some* connection or relationship between the caller(s) and Movant Juliasangel Marketing (d/b/a 1800TravelsToGo.com).'" ECF No. 49, PageID.365 (citation omitted). While this may be, the existence of *some* connection is not enough to create allege vicarious liability.[1] Instead, Plaintiff must plausibly allege an agency relationship between the Juliasangel or Echevarria and the caller. *See Bank*, 2019 WL 2280731, at *3 ("the existence of *some* connections between the defendant and the maker of the call will not suffice: Vicarious liability will not be found in the absence of allegations of fact that establish an agency relationship between the defendant and the maker of the robocalls or any control by the defendant over that entity" (cleaned up)). This, Plaintiff has not done.

Finally, the Complaint does not adequately plead that either Juliasangel or Echevarria ratified Booking Dot Com or Ascendant Holiday's call to Plaintiff. The Restatement recognizes that "[a] principal is subject to liability to a third party harmed by an agent's [tortious] conduct when the agent's conduct is … ratified by the principal."

---

[1] In his Objections, Plaintiff points to this language as indicating the existence of a "conspiracy." ECF No. 49, PageID.365. However, a conspiracy is a distinct concept from an agent-principal relationship, and Plaintiff does not allege the existence of a conspiracy in his Complaint. *See* ECF No. 1.

Restatement (Third) of Agency § 7.04 (2006). Ratification is "the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Id.* § 4.01(1). "Ratification occurs where the principal receives and retains the benefits of a transaction with full knowledge of all of material facts." *Anderson v. Int'l Union, United Plant Guard Workers of Am.*, 370 F.3d 542, 556 (6th Cir. 2004). In cases involving tortious conduct, "the ratification must relate to the wrong itself, and not merely to the contractor's authority to act in that capacity, and the employer's mere acceptance of the benefits naturally flowing from the proper performance of the contract, and the retention of the benefits with knowledge that the contractor committed an independent tort do not amount to ratification of the tort itself." 30 C.J.S. Employer—Employee § 269 (2024). Here, statements by the individual who picked up Plaintiff's phone call — stating that he "handle[d] calls for several groups," ECF No. 1, PageID.31 — do not "allow[] the court to draw the reasonable inference that the," *Iqbal*, 556 U.S. at 678 (citation omitted), moving Defendants knew or should have known that Booking Dot Com or Ascendant Holiday were violating the TCPA and its implementing regulations. *See Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 218 (S.D.N.Y. 2024) (no ratification when defendant accepts the call transferred by telemarketers).

Thus, Plaintiff does not plausible state a claim for vicarious liability under the TCPA. Accordingly, the Court need not address alternate

26

grounds for dismissal of the TCPA causes of action provided in Judge Patti's Report and Recommendation — such as his finding that the causes of action are improperly group pleaded, *see* ECF No. 48, PageID.351 — or Plaintiff's objections to those portions of the Report. Accordingly, those alternate grounds are **NOT ADOPTED.**

Therefore, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** this portion of Judge Patti's Report and Recommendation and **OVERRULES** Plaintiff's third objection.

### D. Objection Relating to Whether a Private Right of Action Exists for Alleged Violations of Section 64.1601(e)

Plaintiff's sixth cause of action argues that "[e]ach of the Calls 1 through 11, *supra,* were in violation of the TCPA implementing regulations, specifically 47 C.F.R. § 64.1601(e)(1)." ECF No. 1, PageID.34.

Currently, there is significant disagreement among district courts on the question whether a private right of action exists for alleged violations of § 64.1601(e). The majority of courts have held that § 64.1601(e) was promulgated under 47 U.S.C. § 227(d), which does *not* include a private right of action. *See*, *e.g.*, *Worsham v. Travel Options, Inc.*, No. 14-2749, 2016 WL 4592373, at *7 (D. Md. Sept. 2, 2016), *aff'd*, 678 F. App'x 165 (4th Cir. 2017); *Dobronski v. Transamerica Life Ins. Co.*, 347 Mich. App. 92, 114 (2023); *Dobronski v. SunPath Ltd.*, No. 19-13094, 2020 WL 8840311, at *6 (E.D. Mich. July 27, 2020) (Battani, J.). Recently,

some courts have held that § 64.1601(e) was promulgated under 47 U.S.C. § 227(c), which *does* include a private right of action. *See Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373, 375–80 (E.D. Mich. 2025) (Murphy, J.); *Newell v. JR Cap., LLC*, No. 25-1419, 2025 WL 2004706, at *2–5 (E.D. Pa. July 16, 2025).

Judge Patti's Report and Recommendation wades into this thicket, finding that there is no private right of action for alleged violations of § 64.1601(e). *See* ECF No. 48, PageID.352. Judge Patti addresses this issue explicitly in order to provide an *alternate* ground for dismissal. *See id.* at PageID.354–55 ("Accordingly, even if the Court disagrees with the above recommendation that" Plaintiff fails to state any claims against moving Defendants, "Count VI should be dismissed" because there is no private right of action for alleged violations of § 64.1601(e)").

Having found that Plaintiff fails to plead direct or vicarious liability under the TCPA against moving Defendants, the Court need not address whether there is a private right of action for alleged violations of § 64.1601(e). In fact, principles of judicial restraint compel this Court to be reluctant in dealing with the thorny question of whether there is a private right of action for alleged violations of § 64.1601(e). *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 201 (1994) (Stevens, J., dissenting) ("we are … properly reluctant to recognize private rights of action without an instruction from Congress"); *see*, *e.g.*, *Diering v. Reg'l W. Med. Ctr.*, No. 06-5010, 2006 WL 8458251, at

*3 (D. Neb. Sept. 15, 2006) ("under the principles of judicial restraint, the Court declines to find that [the section in question] provides for a private right of action").

Therefore, the Court **DECLINES TO ADOPT** this portion of Judge Patti's Report and Recommendation and **OVERRULES** Plaintiff's fourth objection as moot.

### E. Objection Relating to Whether the Court Should Decline Supplemental Jurisdiction Over the State Law Claims

Judge Patti recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims in light of the Complaint's failure to allege any federal law claims. ECF No. 48, PageID.355–56. Plaintiff objected to this recommendation. ECF No. 49, PageID.369. Specifically, Plaintiff argued that because "the Court should overrule the Magistrate's objections to the TCPA causes of action against Defendants, and as such, there would be no basis to decline to exercise supplemental jurisdiction over the state law claims." *Id.*

However, the Court, has concluded that the Complaint fails to state a federal law claim. Accordingly, Plaintiff's only basis for objection is moot. Thus, the Court declines to exercise supplemental jurisdiction over the state law claims.

Therefore, the Court **ADOPTS** this portion of Judge Patti's Report and Recommendation and **OVERRULES** Plaintiff's fifth objection.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Judge Patti's July 15, 2025 Report and Recommendation (ECF No. 48) is **ACCEPTED IN PART** and **ADOPTED IN PART**. Dobronski's claims against Defendants Juliasangel Marketing LLC and Echevarria are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: September 17, 2025     /s/Terrence G. Berg
                                             HON. TERRENCE G. BERG
                                             UNITED STATES DISTRICT JUDGE